CAROTHERS, respondent, *v.* CONNOLLY, appellant.

STATUTE OF FRAUDS — *verbal promise to pay debt of another.* The verbal promise of a party, who has a claim against a ditch, to pay the lien of another against the ditch, is not within the statute of frauds, and may be enforced in law, if the main purpose of the promise is to protect the private interests of the promisor, and the other party, in consequence of this promise, gives up his lien on the property and fails to sue and collect his debt.

*Appeal from the Second District, Deer Lodge County.*

THIS action was tried in May, 1871, by a jury, who returned a verdict for Carothers, and the court, KNOWLES, J., entered judgment against Connolly.

The facts appear in the opinion.

The statute of the Territory, relating to the action, is as follows: "In the following cases, any agreement shall be void unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party charged thereunto: First. Every agreement that by the terms is not to be performed within

VOL. I.— 55.

one year from the making thereof. Second. Every special promise to answer for the debt, or default or miscarriage of another."

SHARP & NAPTON, for appellant.

The only question at issue in this case is, whether or not there was such a promise made by appellant to respondent, as to take it out of the statute of frauds. Appellant maintains that there was not. What consideration was there for appellant's promise, if the foreclosure of respondent's lien would not injure him?

The burden of proving a valid legal promise is upon the respondent. That he failed to do, so long as there was no benefit gained by appellant in having the lien forfeited. There was none, because only two members of the firm sign the deed to Connolly & Stuart, and consequently their lien was only on a portion of the property, and they could have compelled the respondent to satisfy his lien out of the balance of the property. If this promise had been reduced to writing the consideration would have been sufficient for a guaranty. 2 Pars. on Cont. 9–11.

J. C. ROBINSON, for respondent.

Appellant's promise is taken out of the statute of frauds. He was benefited and respondent injured by it, either of which would support the promise. 1 Pars. on Cont. 366–369; 2 id. 306. Appellant had an interest in the ditch when he made the promise. 3 Pars. on Cont. 25.

WADE, C. J. This suit is brought on an alleged promise by defendant to pay a debt of the plaintiff against the Key Stone Ditch Company, and it is claimed by defendant that this promise being a verbal promise to pay the debt of another is within the statute of frauds and therefore void.

The pleadings and the evidence in this case show substantially this state of facts. In the month of December, 1871, the Key Stone Ditch Company were indebted to the plaintiff and two other persons, doing business under the name and style of Carothers & Co., in the sum of $151.50, for lumber, before that time delivered to the ditch company

at their special instance and request; that to secure the payment of this indebtedness Carothers & Co. filed a lien upon the ditch property on the 9th day of December, 1867; that in the year 1868 Carothers & Co., for a valuable consideration, assigned and delivered to the plaintiff their interest in said debt and lien; that prior to the 1st day of June, 1868, the defendant, Connolly, became the owner of the ditch property, or at least that he became the owner of a claim against the same in the sum of more than $5,000, and that while the defendant was so the owner of said property, or the owner of said claim against the same, in consideration that said plaintiff would give up, release and forfeit to said defendant his said lien upon said property, and that plaintiff would forbear to sue and foreclose the same, he, the defendant, then undertook and promised to pay plaintiff said debt and demand of $151.50, and that, in pursuance of said agreement of the defendant, the plaintiff did give up said lien, and did release the same to the defendant, and did forbear to sue and collect the same out of said property, and thereby lost his lien and claim against said property, and that his debt remains due and unpaid.

The testimony also shows that the defendant, being the owner of said claim against said property, was interested in having the other demands against said property paid off and canceled, and that for this purpose, and, further, to secure his own debt against said property, he had paid the claim of one Volbrecht and of one Stephens thereon, and has taken a conveyance or assignment of said claims to himself.

Being thus interested in the ditch property to the extent of his claim or demand against the same, he makes the promise to the plaintiff as above set forth.

Is this promise, so made, within the statute of frauds, and void?

It is obvious from the situation of the parties and the property in question, at the time this promise was made, that the enforcement of the lien of the plaintiff, and the collection of his debt out of this property, would so far, and

to the extent of the plaintiff's claim, have decreased and lessened the security of the defendant's debt, so that his promise and agreement to pay the debt of the plaintiff was a promise made for his own interest and for his own benefit, and to prevent a sacrifice of the property, by a forced sale, upon proceedings to foreclose plaintiff's lien. The promise and undertaking of the defendant, therefore, was not for the benefit of the plaintiff. The plaintiff's debt was secure beyond question, and this promise of the defendant was purely and solely for his own accommodation. It was made to further secure the defendant, and to place the ditch property under his sole control.

It was a promise to pay the debt of another, and not in writing, but the leading object of the promisor was to subserve and promote some interest or purpose of his own. Such a promise is not within the statute of frauds. The statute is designed to prevent frauds and perjuries, and not to engender them, and it would outrage every principle of justice and fair dealing to permit any defendant to escape the consequences of his promise, made to further his own interests, ends and purposes.

Wherever the main purpose and object of the promise is not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another.

If a creditor has a lien upon certain property of his debtor to the amount of his debt, and a third person, who also has an interest in the same property, promises the creditor to pay the debt, in consideration of the creditor relinquishing his lien, this promise is not within the statute. 3 Pars. on Cont., §§ 24, 25; *Nelson* v. *Boynton,* 3 Metc. 396; *Williams* v. *Leper,* 3 Burr. 1886; *Alger* v. *Seville,* 1 Gray, 391.

The judgment in the court below is affirmed.

*Judgment affirmed.*